REISSUED FOR PUBLICATION

DEC 12 2017

OSM

U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: November 17, 2017

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| RETA ERXLEBEN, * | |
| * | No. 14-385V |
| Petitioner, * | |
| v. * | Special Master Gowen |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, * | Special Master's Discretion; |
| * | Former Counsel's Standing |
| Respondent. * | To Resolve Attorneys' Fees |
| * * * * * * * * * * * * * * * * * * | And Costs. |

Reta Erxleben, Fairfield, OH, pro se.
Sarah C. Duncan, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION ON STANDING AND ON ATTORNEYS' FEES AND COSTS[1]

On May 6, 2014, Reta Erxleben ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleged that she suffered from dysphagia, vocal cord dysfunction, and laryngeal dystonia caused-in-fact by an influenza ("flu") vaccine administered on September 14, 2011.  Petition at Preamble.  I dismissed the case on May 10, 2017.  After the Court of Federal Claims denied petitioner's motion for review, judgment was entered on the dismissal decision.  I now **GRANT** the motion for standing for resolving attorneys' fees and costs filed by petitioner's former counsel Mr. Ed Kraus before he withdrew from the case.  I also **GRANT** the motion for attorneys' fees and costs and direct that the check be sent to petitioner's former counsel Mr. Kraus.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  Id.  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Also on June 9, 2017, he filed a motion for "standing for the limited purpose of resolving the pending motion for attorneys' fees and costs." (ECF No. 56). Mr. Kraus explained the circumstances set forth above: that he filed a motion for attorneys' fees, to which respondent had not yet filed a response; he then filed a motion to withdraw; and he had wished to resolve those issues so petitioner would be able to file a motion for review on her own behalf. Because the Court had not had an opportunity to rule on the motion for attorneys' fees and costs, having not received an answer from respondent, Mr. Kraus requested standing for the limited purpose of resolving the motion. Respondent did not respond to that motion.

Also on June 9, 2017, I granted Mr. Kraus's motion to withdraw from the case. (ECF No. 57). I did not address the motion for standing or the underlying motion for attorneys' fees and costs as the deadlines for answering those motions had not yet passed.

The Court received petitioner's motion for review of the dismissal decision on the same day – the deadline of June 9, 2017. (ECF No. 58). It refers to "the pro se petitioner of this action." Id. at 1. On the same day, the motion for review was assigned to the Honorable Chief Judge Braden. (ECF No. 59). On June 22, 2017, respondent filed a response to the pending motion for attorneys' fees and costs. (ECF No. 61). Respondent was "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Respondent "respectfully recommend[ed] that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3 (internal citations omitted). On July 10, 2017, respondent filed a response to the motion for review. (ECF No. 62).

On October 17, 2017, Chief Judge Braden issued a memorandum opinion and final order denying petitioner's motion for review. (ECF No. 63). On the same day, the Clerk of the Court entered judgment on the dismissal decision. (ECF No. 64).

## II.   Petitioner's Former Counsel's Standing to Resolve Attorneys' Fees and Costs

As detailed above, I granted petitioner's counsel Mr. Kraus's motion to withdraw from the case in order to accommodate petitioner's pro se appeal. I did not address the motion for standing and the motion for attorneys' fees and costs, as respondent's deadline for responding to those motions had not yet passed. Now that Chief Judge Braden has denied petitioner's motion for review and judgment has entered dismissing the petition, I may address the outstanding issues.

I will first consider Mr. Kraus's motion for standing for the limited purpose of resolving the pending motion for attorneys' fees. In March 2017, petitioner and Mr. Kraus obtained a qualified expert's opinion that did not support her claim. Mr. Kraus appropriately did not want to remain as counsel, but remained in the case at my request to facilitate communication with petitioner and assist her filing of a response to my order to show cause. He completed this task in late April 2017. After I dismissed the case, he filed a motion for attorneys' fees and costs. He then filed a motion to preserve his standing regarding attorneys' fees and costs and a motion to withdraw from the case, before petitioner filed her pro se motion for review of the dismissal decision.

Case 1:14-vv-00385-SGB   Document 66   Filed 12/12/17   Page 3 of 5

## I.   Procedural History

While currently petitioner is pro se, for the majority of the case she was represented by counsel, Mr. Edward Kraus. With his representation, petitioner filed the petition and complete medical records; retained an expert; and agreed to an entitlement hearing in March 2017. In November 2016, petitioner informed that her original expert was no longer available to serve as an expert in this case and the hearing was cancelled. Petitioner received several extensions of time to secure another expert. The case was reviewed by at least two qualified experts who were not able to support a theory of causation.

On March 30, 2017, I convened a status conference with petitioner Ms. Erxleben, her counsel Mr. Kraus, and respondent's counsel Ms. Duncan. Mr. Kraus communicated his desire to withdraw from the case, based on the difficulty with securing an expert and Dr. Marcel Kinsbourne's opinion that Ms. Erxleben's condition is not immune-related and there have been no reports associating this condition with vaccinations. Petitioner expressed a desire to attempt to locate an expert on her own. At my request, Mr. Kraus agreed to continue as petitioner's attorney for the next 30 days, while petitioner had the opportunity to file an expert report and supportive medical literature or otherwise respond to my preliminary opinion that the case should be dismissed. Order to Show Cause (ECF No. 50). On April 26, 2017, petitioner, by her counsel Mr. Kraus, filed her self-authored answer to the Order to Show Cause without support of an expert opinion. (ECF No. 52).

On May 10, 2017, I issued a decision dismissing petitioner's claim. (ECF No. 53). Under Vaccine Rule 23, petitioner had 30 days to file a motion for review of my dismissal decision. No extensions of time are permitted under this rule and failure to file a motion for review constitutes a waiver of that right.[3] Thus, petitioner's absolute deadline to file a motion for review was June 9, 2017.

On June 6, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 54). The motion requests attorneys' fees in the amount of $53,626.30 and attorneys' costs in the amount of $14,651.85, for a total attorneys' fees and costs request of $68,278.15. Id. at 1. The motion provides that petitioner has not incurred any fees or costs related to the litigation of this case. Id. Further, Mr. Kraus represents that he will reimburse petitioner for any additional litigation costs paid to him by petitioner from the award of attorneys' fees and costs in this case. Id. Pursuant to Vaccine Rule 20(b)(1), respondent had 14 days, until June 19, 2017, to file any response or objection to the motion for attorneys' fees and costs.

On June 9, 2017, Mr. Kraus filed a motion to withdraw as attorney of record on the grounds that: "Petitioner [had] recently informed [Mr. Kraus] that she intended to continue prosecuting her case pro se and that she would be filing by mail a motion for review by June 9, 2017." Motion to Withdraw (ECF No. 55). Mr. Kraus represented that respondent did not object to the motion to withdraw.

---

[3] Vaccine Rule 10 also allows a party to file a motion for reconsideration by the special master, within 21 days of the decision being issued. However, filing a motion for reconsideration does not toll the deadline for a motion for review. Vaccine Rule 10(e)(3)(B); Vaccine Rule 23(a).

Mr. Kraus had an interest in his attorneys' fees and costs which includes the opportunity to reply to any objections raised by respondent, file additional documentation as required by the Court, or file an appeal on that issue. He also filed the motion to preserve his standing in recognition before withdrawing as counsel. Based on these particular facts and the lack of objection from respondent, Mr. Kraus's motion for standing for the limited purpose of resolving the pending motion for attorneys' fees and costs is **GRANTED.**

## III.    Reasonable Attorneys' Fees and Costs

Section 15(e) of the Vaccine Act governs attorneys' fees. Section 300aa-15(e). When awarding compensation on a petition, the special master "shall also award" reasonable attorney's fees and costs. Section 15(e)(1)(A)-(B). Even when compensation is not awarded, the special master "may award" reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Each determination is within the discretion of the special master. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993); see also Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1377 (Fed. Cir. 2010).

I find that there was a reasonable basis throughout the pendency of petitioner's claim. The petition and the medical records reflect a temporal association between the vaccinations and changes in petitioner's state of health. Her condition is rare (like many others seen in the Vaccine Program) but she was initially able to secure an expert who supported her claim. After that expert withdrew, I granted additional time to retain a substitute expert or show other cause why the claim should continue. After reviewing petitioner's further efforts to retain an expert, the opinion from Dr. Kinsbourne, and petitioner's self-authored response to the Order to Show Cause, I decided to dismiss the case. Petitioner is only seeking attorneys' fees and costs up until that point, as counsel subsequently withdrew from the case. Additionally, respondent has not objected to the award of attorneys' fees and costs. Upon denying petitioner's motion for review, the Honorable Chief Judge Braden did not indicate that the claim lacked reasonable basis. Based on all of the above, I find that there was reasonable basis for the relevant period and therefore, reasonable attorneys' fees and costs should be awarded.

Based on my experience and my review of the motion and supporting documentation, the request appears reasonable. The requested hourly rates are consistent with my decision in McCulloch v. Sec'y of Health & Human Servs., No. 9-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), the Office of Special Masters' fee schedule; and my previous decisions awarding attorneys' fees to Mr. Kraus and his staff. I find that they should also be awarded in this case. Neither do I find cause to adjust the time expended or the costs, which are well-documented. Thus, the requested attorneys' fees and costs should be awarded in full.

## IV.   Conclusion

In accordance with the foregoing, Mr. Kraus's motion for standing for the limited purpose of resolving the pending motion for attorneys' fees and costs is **GRANTED**. The motion for attorneys' fees and costs is also **GRANTED**. Attorneys' fees and costs are awarded as follows:

| | |
|---|---|
| Attorneys' Fees Awarded | $53,626.30 |
| Attorneys' Costs Awarded | $14,651.85 |
| **Total Attorneys' Fees and Costs Awarded** | **$68,278.15** |

Accordingly, I award the following:

1) **A lump sum in the amount of $68,278.15, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and her former counsel, Edward M. Kraus of the Law Offices of Chicago-Kent College of Law.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**The Clerk of the Court is directed to mail a courtesy copy of this decision to petitioner's former counsel, Mr. Kraus. The check should also be sent to Mr. Kraus.**

**IT IS SO ORDERED.**

Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.